JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-1218 JVS (Ex) | Date | July 29, 2021 |
| Title | United States v. Eli Gichon | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion for Summary Judgment**

Plaintiff United States of America (the "Government") moves for summary judgment as to its claims against Defendant Eli Gichon ("Gichon"). Mot., ECF No. 16-3. Gichon opposes the motion. Opp'n, ECF No. 17. The Government filed a response. Reply, ECF No. 21.

For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

This is a case seeking to reduce Gichon's unpaid taxes to judgment. On August 12, 2020, Gichon executed a plea agreement in United States v. Eli Gichon, Case No. 10-cr-188 R. Compl., ECF No. 1, ¶ 6; Ans., ECF No. 9, ¶ 1 (admitting paragraph 6). In that plea agreement, Gichon admitted that he received unreported income of over $3.75 million. Compl. ¶¶ 7-8; Ans. ¶ 1 (admitting paragraphs 7 and 8). On March 1, 2011, a delegate of the Secretary of the Treasury assessed federal income tax and fraud penalties related to the unreported income. Compl. ¶¶ 10-13; Ans. ¶ 1 (admitting paragraphs 10 through 13). These tax liabilities now amount to $4,203,817.47. Compl. ¶ 14; Ans. ¶ 1 (admitting paragraph 14). The Government now seek judgment against Gichon for this amount of money. Compl. ¶ 17.

## II. LEGAL STANDARD

Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant, indicates "that there is no genuine dispute as to any material

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1218 JVS (Ex) | Date | July 29, 2021 |
|---|---|---|---|
| Title | United States v. Eli Gichon | | |

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by referring to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.[1]

The moving party has the initial burden of establishing the absence of a material fact for trial. Anderson, 477 U.S. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)][2] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

### III. DISCUSSION

---

[1] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

[2] Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1218 JVS (Ex) | Date | July 29, 2021 |
|---|---|---|---|
| Title | United States v. Eli Gichon | | |

Since there is no dispute as to Gichon's tax liability, the outstanding issues in this case relate to Gichon's affirmative defenses. See Compl., ECF No. 1, ¶¶ 1–13, Ans., ECF No. 9, ¶ 1 (admitting the allegations contained in paragraphs 1 through 15 of the complaint). The Court addresses Gichon's affirmative defenses in turn.

    *A.    Statute of Limitations*

Gichon's first affirmative defense is that the Government's claims are barred by the statute of limitations. Ans. at 2. Specifically, Gichon contends that the date of the assessment of the relevant taxes is August 13, 2010, the date on which the Government filed its plea agreement with Gichon. Opp'n at 3. The Government responds that the date of assessment is March 1, 2011, because that is the date on which a delegate of the Secretary of the Treasury made the assessment. Reply at 3.

Under § 6203 of the Internal Revenue Code, an assessment is made "by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." 26 C.F.R. § 301-6203.1 provides that an assessment "shall be made by an assessment officer signing the summary record of assessment."

Gichon admitted to allegations that "a delegate of the Secretary of the Treasury assessed" the relevant federal income tax and fraud penalties against Gichon on March 1, 2011. See Compl. ¶¶ 10-13; Ans. ¶ 1. This is sufficient for the Court to conclude that the Government has carried its burden of establishing an absence of a material fact for trial. See Anderson, 477 U.S. at 256. Moreover, there is no indication that a summary record of assessment was created as part of the plea agreement. While Gichon states in his declaration that the assessment of taxes occurred on August 13, 2010, Gichon provides no reasoning or evidence to explain why this conclusory statement is true. See Gichon Decl., ECF No. 18, ¶¶ 8, 11. As Gichon's argument is neither supported by a declaration or other evidence, and also is contrary to his admission, the Court does not believe that Gichon has established a genuine dispute as to the date of the assessment of the taxes at issue. See L.R. 56-3 ("In determining any motion for summary judgment . . ., the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1218 JVS (Ex) | Date | July 29, 2021 |
|---|---|---|---|
| Title | United States v. Eli Gichon | | |

facts are (a) included in the "Statement of Genuine Disputes" and (b) controverted by declaration or other written evidence filed in opposition to the motion.").

Under § 6502(a)(1) of the Internal Revenue Code, the statute of limitations for collection of a tax assessment by a court proceeding is ten years. The Court filed its complaint in this action on February 10, 2021. See generally Compl. This is less than ten years after March 1, 2021. The Court therefore concludes that Gichon's statute of limitations argument fails, and the Court **GRANTS** summary judgment for the Government as to this affirmative defense.

### B.  Mitigation of Damages

Gichon's second affirmative defense is that the Government failed to mitigate damages. Ans. at 2. The Government notes that the duty to mitigate damages arises out of contract and tort law. Mot. at 6 (citing Black's Law Dictionary 1002 (6th ed. 1990)). Tax liability arises out of contract, however. Gichon does not contest this argument. See generally Opp'n. The Court agrees with the Government that mitigation of damages is not a defense to tax liability and therefore **GRANTS** the Government summary judgment as to this affirmative defense.

### C.  Delay in Service

Finally, Gichon's third affirmative defense is that the Government cannot recover because it did not serve Gichon until March 8, 2021, which is more than ten years following the assessment date of March 1, 2011. Ans. at 2. But the filing of a complaint tolls the statute of limitations, meaning that the "clock" stops. Hoffman v. Halden, 268 F.2d 280, 302 (9th Cir. 1959). The Government correctly notes that it has 90 days following the filing of a complaint to serve the defendant. Mot. at 5 (citing Fed. R. Civ. P. 4(m)). March 8, 2021, is less than 90 days after February 10, 2021. As such, the complaint was served on Gichon within the statute of limitations. The Court **GRANTS** the Government summary judgment as to this affirmative defense.

//

//

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-1218 JVS (Ex) | Date | July 29, 2021 |
| Title | United States v. Eli Gichon | | |

//

JS - 6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1218 JVS (Ex) | Date | July 29, 2021 |
|---|---|---|---|
| Title | United States v. Eli Gichon | | |

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for August 2, 2021, is ordered **VACATED**.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |